FRIERMOOD and Others *v.* PIERCE, Administrator of ROUSER.

*A.* sold to *B.* a tract of land for $1,200, of which one half was paid in cash, and three notes given for the residue. *A.* indorsed one of the notes to a third person, who sued upon it, but was defeated because the deed tendered by *A.* was not executed by his wife. An agreement was then made between *A.* and *B.*, by which the latter agreed to accept the deed, without the wife's signature, and to pay to *A.* the amount of the note which had been sued upon, and for which *A.* was liable on his indorsement, and also one other of the three notes, the third being at the time surrendered to him by *A.*

*Held,* that the conveyance of *A.*, without the wife's signature, was a sufficient consideration to support the agreement.

APPEAL from the *Grant* Circuit Court.

WORDEN, J.—Action by *Pierce,* as administrator of the estate of *Peter Rouser,* deceased, against *George, Jacob* and *William Friermood.* Issue; trial by the Court; finding and judgment for the plaintiff. There were several paragraphs in the complaint, but they were finally all withdrawn except the first and fourth. The first was upon a promissory note made by the defendants to the plaintiff's intestate, and no question arises upon it. The fourth sets up, in substance, the following facts: *Rouser* had sold to one of the *Friermoods* a certain piece of land for the sum of $1,200, six hundred of which was paid down, and the defendants executed to *Rouser* three notes, each for $200, for the residue of the purchase money; and *Rouser* executed a bond for the conveyance of the land. *Rouser* afterward indorsed one of the notes to one *Henry Pierce,* who sued the defendants upon the same, and was defeated in his action upon the ground that *Rouser's* wife had an outstanding right of dower in the premises, and had not signed the deed tendered by *Rouser* to the purchaser. Afterterward, the parties agreed that the title bond should be given up, and the deed accepted without the signature of *Rouser's* wife, which was accordingly done; the plaintiff was to surrender one of the notes, and the defendants were to pay the other note, and also $200 to *Rouser,* for which sum he was liable to *Pierce* on his indorsement of the other note. The first paragraph of the complaint is based upon

Nov. Term,
1861.

FRIERMOOD
v.
ROUSER.

the note thus stipulated to be paid, and the fourth seeks to recover the $200, thus agreed upon.

One of the points made by the appellants for a reversal, is the overruling of a demurrer to the fourth paragraph. A demurrer to it was overruled, but we find no exception in the record to the ruling, hence, we need not inquire whether the ruling was correct, or not.

A new trial was moved for on seven grounds: The *first* relates to the ruling on the demurrer, which has been noticed. The *second* is, that the Court erred in admitting the testimony of *Oliver Lillard*. The record shows no exception taken to the admission of his testimony. The *third, fourth, fifth* and *seventh* relate to the sufficiency of the evidence to sustain the finding. The evidence strongly tends to sustain the finding, and we can not reverse the judgment on these grounds. The *sixth* is, that the Court erred in excluding evidence offered by the defendants. This point is not relied upon, or referred to, in the brief of counsel for the appellants.

After the finding, the defendants moved in arrest of judgment on the fourth paragraph, on the ground of its insufficiency, the Court having found for the plaintiff on both.

One of the points relied upon on the motion in arrest is, that it does not appear that the promise was made in the lifetime of *Rouser*, the plaintiff's intestate. It is not directly alleged that it was made in his lifetime, but is alleged that it was made to one *Oliver Lillard*, as his agent. This is good enough after verdict. It may be reasonably intended that *Rouser* was alive, or he would not have had an agent.

The principal objection to the paragraph is, that it does not disclose a sufficient consideration for the agreement to pay the $200. The consideration seems to be entirely sufficient. The conveyance of the land, without the signature of *Rouser's* wife, was certainly a good consideration for the agreement made by the defendants. The purchaser would have been entitled to receive an unincumbered title, but he might well agree to pay a less sum than was stipulated for

for such title, and take the conveyance of *Rouser* himself, and run the risk of any claim on the part of his wife.

The motion in arrest was properly overruled.

A point is made on the evidence, that may be further noticed. The land was bought by one of the defendants, and the others were sureties on the notes. In making the subsequent arrangement, the one who bought the land acted as the agent for the others, and made the new agreement on behalf of himself and them; and the evidence tends to show that he was authorized by them to do so.

The evidence as to the authority is not very clear, but sufficient, we think, to sustain the finding. It is objected that the defendant's promise was not in writing. No reason has been stated, nor is any perceived, why it should have been. We find no error in the record for which the judgment should be reversed.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*John Brownlee*, for the appellants.

*H. D. Thompson, A. Steele* and *R. T. St. John*, for the appellee.